# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HALE | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-287-JMS-MJD |
| | ) |
| SUPERINTENDENT, NEW CASTLE | ) |
| CORRECTIONAL FACILITY | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Michael Hale for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCN 13-11-0021. For the reasons explained in this Entry, Hale's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On November 11, 2013, Officer M. Hicks wrote a Report of Conduct in case NCN 13-11-0021 charging Hale with threatening. The Report of Conduct states:

> On the above date and approximate time, I, Ofc. M. Hicks, was conducting a range check for 03. When I was conducting this Offender Michael Hale #884687 threatened me with me(*sic*). Offender Hale said, "I'm going to get you after I get out. I (*sic*) going to make you bleed." Offender Hale is being written up on a Class B Threatening.

On November 13, 2013, Hale was notified of the charge of threatening and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Hale was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, the Offender in cell 103, and requested a medical statement as physical evidence.

The hearing officer conducted a disciplinary hearing in NCN 13-11-0021 on November 21, 2013, and found Hale guilty of the charge of threatening. In making this determination, the hearing officer considered the staff reports. The hearing officer recommended and approved the following sanctions: a written reprimand, 30 days lost commissary and phone privileges, 3 months disciplinary segregation, and a 60 day deprivation of earned credit time.

Hale appealed to the Facility Head on November 23, 2013. The Facility Head denied the appeal on December 3, 2013. Hale's appeal to the Appeal Review Officer was denied on January 15, 2014.

**C. Analysis**

Hale challenges the disciplinary action taken against him, arguing 1) the evidence was insufficient to support the charge; 2) he was denied the opportunity to testify at the hearing; 3) he was denied a continuance; and 4) he was denied an impartial decision-maker.

### 1. *Sufficiency of the Evidence*

Hale argues that he did not threaten Officer Hicks and that he was suffering from side effects of medication which caused him to be irritable. He also asserts that Officer Hicks shut his hand in the cuffport which "did not help the situation." With regard to Hale's allegation of insufficient evidence, due process requires only that the Hearing Officer's decision be supported by "some evidence." *Hill,* 472 U.S. at 454; *Wolff,* 418 U.S. at 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649. A conduct report alone may provide "some evidence" of guilt notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Here, the Report of Conduct states that Hale threated Officer Hicks, specifically saying, "I'm going to get you after I get out. I (*sic*) going to make you bleed." This is sufficient to support the disciplinary conviction.

### 2. *Continuance*

Hale next alleges that his due process rights were denied because his written request for a continuance to do additional research was denied. Among the basic requirements of due process in a prison disciplinary proceeding is written notice of the charge twenty-four hours prior to the hearing. *Wolff*, 418 U.S. at 564. This is to allow the inmate to "marshal the facts and prepare a defense." *Id.* Hale was provided with 24-hour notice of the hearing and was therefore given the time to prepare which due process requires.

### 3. *Impartial Decision-Maker*

Hale also argues that he was denied an impartial decision-maker because of the Hearing Officer's involvement with other cases that involve Hale. It is true that due process requires an impartial decision-maker. *See Wolff* 418 U.S. at 570-71. However, due process requires recusal only where the decision-maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). There is no allegation that the Hearing Officer, Lt. Storm, was involved in the circumstances underlying the offense. Further, there is no evidence in the record that Lt. Storm was involved in the investigation. The report of the disciplinary hearing reflects that the hearing officer's findings were based on the staff report. There is no investigation report or statement by Lt. Storm, nor is there any investigation report or statement that mentions Lt. Storm. In these circumstances, due process did not require that Lt. Storm recuse himself.

### 4. *Opportunity to Testify*

Hale also asserts that he was not allowed to testify at his hearing. But "the prisoner's rights to call witnesses, to present evidence, and to confrontation may be circumscribed and even denied if exercising these rights would be 'unduly hazardous to institutional safety or correctional goals.'" *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985) (quoting *Ponte v. Real,* 471 U.S. 491, 495 (1985)). The report of the disciplinary hearing states: "offender not present at hearing due to previous behavior that jeopardized the safety and security of the facility." Here, while Hale was not present at the hearing, he did present a written statement "I believe this medication caused me to get in trouble in this incident." In these circumstances, Hale has not shown that he was not disruptive or that the limitation on his right to present evidence was inappropriate.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Hale's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____03/10/2015_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Hale
884687
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

All electronically registered counsel